UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

**JEREMY FRANCIS, ET AL.**                     CIVIL ACTION NO. 6:09-cv-0425

**VERSUS**                                     JUDGE MELANÇON

**GRT UTILICORP, INC., ET AL.**                MAGISTRATE JUDGE HANNA

*RULING ON MOTION*
(Rec. Doc. 46)

Before the Court is defendant GRT Utilicorp, Inc.'s motion to compel (Rec. Doc. 46) the production of certain documents by the intervenor, Highway Technologies, Inc.  The motion is opposed.  Oral argument was held on April 28, 2010.  Appearing in court were George R. Privat, counsel for GRT, and David M. Geerken, counsel for Highway Technologies.

**Factual Background and Analysis**

The plaintiff, Jeremy Francis was injured in a workplace accident on February 11, 2008. His employer, Highway Technologies, conducted an investigation of the accident.  Defendant GRT now seeks the production of certain documents from Highway Technologies, including copies of the investigative report prepared by Wayne Hardin of Highway Technologies.  Mr. Hardin's report is comprised of two pages of fill-in-the-blank and checklist-style information, a four page narrative report, and Mr. Hardin's field notes, upon which his narrative report was based.

GRT's motion also seeks the production of additional documents, which were described in Paragraph 3 of GRT's motion to compel.  The parties have resolved their dispute concerning

the production of the documents described in Paragraph 3 and, with regard to those documents, GRT's motion will be DENIED AS MOOT.

To the extent that the motion seeks the production of the first two pages of the investigative report prepared by Mr. Hardin, Highway Technologies has agreed to produce copies of those two pages to GRT, and the motion will be DENIED AS MOOT.

Highway Technologies objects to the production of Mr. Hardin's four-page narrative report and Mr. Hardin's field notes on the grounds that the notes and the narrative report were prepared in anticipation of litigation and, for that reason, are protected by the work product privilege.  Highway Technologies did not object to GRT's suggestion that the undersigned conduct an *in camera* review of the field notes and the narrative report.  Therefore, an *in camera* review was performed by the undersigned.

The work product doctrine protects from disclosure "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A).  In the Fifth Circuit, documents are protected from discovery under the work product doctrine only when "the primary motivating purpose behind the creation of the documents was to aid in possible future litigation."[1]  If materials are prepared in anticipation of litigation, Rule 26(b)(3)(A) may permit the production of the materials if the party seeking production demonstrates that he has a substantial need for the materials in the preparation of the party's case and is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means.

---

[1] *In re Kaiser Aluminum and Chemical Co.*, 214 F.3d 586, 593 (5th Cir. 2000); *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982); *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981).

Applying these principles, and noting that Mr. Hardin and three of the four persons mentioned in his field notes have already been deposed, permitting GRT an opportunity to obtain the substantial equivalent of the investigative report through the deposition process, the undersigned finds that the primary motivating purpose behind the creation of the field notes and the narrative report was Highway Technologies' anticipation of litigation. Thus, the undersigned finds that the work product doctrine protects the narrative report and the field notes from production.

Therefore,

**IT IS ORDERED** that:

(1) To the extent that GRT's motion seeks the production of documents described in Paragraph 3 of GRT's motion to compel, the motion is DENIED AS MOOT.

(2) To the extent that GRT's motion seeks the production of the first two pages of Mr. Hardin's investigative report, comprised of checklists and fill-in-the-blank-type information, the motion is DENIED AS MOOT.

(3) To the extent that GRT's motion seeks the production of Mr. Hardin's four-page narrative report and field notes, the motion is DENIED.

Signed at Lafayette, Louisiana, this 28th day of April, 2010.

_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)